**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| JUAN LOPEZ CHAVEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:26-cv-02350-TLP-tmp |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, Acting | ) | |
| Director of the New Orleans Field Office of | ) | |
| ICE, in his official capacity, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Juan Lopez Chavez, a noncitizen detained in the West Tennessee Detention Facility in Mason, Tennessee, petitions for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.)   The Court ordered Respondent to show cause why the Writ should not be granted. (ECF No. 7.)  Respondent responded.  (ECF No. 9.)  Petitioner replied.  (ECF No. 10.)  For the reasons below, the Court **GRANTS** the Petition.

**BACKGROUND**

Petitioner, a Mexican citizen, first entered the United States about twelve years ago. (ECF No. 9 at PageID 23.)  He chose to leave the country around 2018 after the Government placed him in removal proceedings.  (*Id.*)  But he reentered the United States in 2020.  (*See id.*) Petitioner has since "built a life in Memphis, Tennessee" and is in a "long-time relationship with a U.S. citizen and they have a U.S. citizen child together."  (ECF No. 1 at PageID 3.)  Petitioner has no known criminal history other than minor traffic violations.  (*Id.*)

1

In January 2026, the United States Immigration and Customs Enforcement ("ICE") took Petitioner into custody at a traffic stop.  (*Id.*)  The Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear, charging him with being "an alien present in the United States who has not been admitted or paroled."  (ECF No. 9 at PageID 23.)  Petitioner is currently in ICE custody at the West Tennessee Detention Center in Mason, Tennessee.  (*Id.*)

Petitioner alleges that DHS and the Executive Office of Immigration Review ("EOIR") have not provided him a bond hearing.  (*See generally* ECF No. 1.)  Instead, DHS and EOIR determined that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), a change from the decades-long practice of affording noncitizens in Petitioner's position with bond hearings before their removal proceedings.  (*See id.* at PageID 1–2.)  Petitioner alleges that his detention under § 1225(b) violates the Immigration and Nationality Act and his Fifth Amendment right to due process.  (ECF No. 1 at PageID 8–11.)  He asks the Court to grant the Petition and order his immediate release.  (*Id.* at PageID 11.)

**ANALYSIS**

On May 11, 2026, a divided Sixth Circuit panel issued its decision in *Lopez-Campos v. Raycraft*, -- F.4th --, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  *Lopez-Campos*, 2026 WL 1283891, at *13.  The majority reasoned that the "text, canons, and past practice" of § 1225 and § 1226 support this conclusion.  *Id.* at *6.  "To hold otherwise would subject long-term law-abiding residents in the United States, such as Petitioners, to the hardship of mandatory detention without due process."  *Id.* at *13.

Respondent concedes that *Lopez-Campos* "controls the outcome of this matter."[1]  (ECF No. 12.)  But Respondent asks the Court to order that Petitioner receive a bond hearing "within 10 business days, and if that does not occur, Petitioner should be released from custody."  (*Id.*)  Petitioner counters that a bond hearing is "legally and constitutionally deficient."  (ECF No. 13.)  Rather, "immediate release is the only proper remedy for a detention that was unauthorized from its inception."  (*Id.*)

The Court agrees with Petitioner and **GRANTS** the Petition.  Petitioner's detention not only violated procedural due process but deprived him of liberty for several months.  He is therefore entitled to immediate release.  *See, e.g.*, *Villafranca Lara v. Ladwig*, No. 26-2079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

I.      **Attorney's Fees and Costs**

Petitioner seeks attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412.  (ECF No. 1 at PageID 12.)  Section 2412(b) allows a court to award "reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States."  28 U.S.C. § 2412(b).  The Federal Rules require that claims for attorneys' fees and related expenses be made by motion.  Fed. R. Civ. P. 54(d)(2)(A).  So Petitioner must timely file a motion that complies with Local Rule 54.1(b) to seek attorneys' fees and costs.  *See* L.R. 54.1(b).

---

[1] Even still, Respondent argues that the Court should require Petitioner to exhaust his administrative remedies before ruling on the Petition.  (ECF No. 12 at PageID 51.)  The Court has rejected this same argument countless times and need not re-explain its reasoning.  *See, e.g.*, *Urrutia-Diaz v. Ladwig*, No. 25-3098, 2025 WL 3689158, at *3–4 (W.D. Tenn. Feb. 13, 2026).

## **CONCLUSION**

For the reasons above, the Court **GRANTS** the Petition and **ORDERS** Respondent to

release Petitioner immediately.

**SO ORDERED**, this 19th day of May, 2026.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE